# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RHONDA HUGHS, RANDY GROVES, T.S.G., MINOR, BY NEXT FRIEND RHONDA HUGHS; | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 5:15-06079-CV-RK |
| v. | ) ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) | |
| Defendant. | ) | |

## ORDER EXCLUDING ACTIVE WARNING DEVICE EVIDENCE

Now before the Court is Plaintiffs' Additional Briefing on Evidentiary Issues Regarding Warning Devices, Including Lights and Gates. (Doc. 115.) In their briefing, Plaintiffs request to present evidence of warning devices including, but not limited to, flashing lights and gates in furtherance of Plaintiffs' common law claims against Defendant. (*Id.* at 10.)

As relevant to active warning device evidence, Defendant moved for summary judgment on two separate claims. First, Defendant moved for summary judgment on Plaintiffs' claim that Defendant failed to install or maintain adequate warning devices on the basis that Defendant lacked the authority to unilaterally make the suggested modifications. (Doc. 39 at 24.) In support of that argument, Defendant claimed that Missouri Revised Statute § 389.610 vests the Missouri Highways and Transportation Commission with the exclusive authority over railroad crossings and the roads approaching and traversing railroad tracks. (*Id.*) In ruling on this argument, the Court held that Defendant had a duty to use reasonable care in providing adequate warning of the crossing and that duty was not displaced by Section 389.610. (Doc. 109 at 3); *see also Alcorn v. Union Pacific Railroad Company*, 50 S.W. 3d 226, 235 (Mo. 2001) ("Nothing in this statute negates the railroad's common law duty to use reasonable care in providing adequate warning of railroad crossings."). However, the Court did not find that this duty required Defendant to install active warning devices. Second, Defendant moved for summary judgment

on Plaintiffs' claim that the crossing was ultra-hazardous[1] and thus should have been equipped with active warning devices. (Doc. 39 at 25.) In ruling on this argument, the Court held that Plaintiffs have not put forth sufficient evidence to show that the crossing was ultra-hazardous. (Doc. 109 at 7.)

On April 24, 2017, the Court held a hearing in which the parties presented argument regarding the effect of the Court's summary judgment ruling on evidence about active warning devices, including lights and gates, as such evidence relates to Plaintiffs' remaining claims. Plaintiffs' argued that such evidence is admissible with respect to Plaintiffs' claims that Defendant had a duty to use reasonable care in providing adequate warning of the crossing commensurate with the danger of the crossing. Plaintiffs' arguments are further detailed below. Defendant argued that the requirement of active warning devices is inextricably linked to the issue of whether the crossing was ultra-hazardous. Thus, Defendant argued that the Court's determination on Plaintiffs' ultra-hazardous claim foreclosed not only the ultra-hazardous claim, but also any other claim related to breaching a duty to install or maintain active warning devices, including lights and gates.

At the hearing, the Court informed the parties of its intention to adopt Defendant's conclusion, but because that conclusion was not immediately apparent from Defendant's original summary judgment arguments or this Court's Order, the Court permitted Plaintiffs an opportunity to brief the issue. Plaintiffs then filed their Additional Briefing on Evidentiary Issues Regarding Warning Devices, Including Lights and Gates. (Doc. 115.)

In line with their oral argument, Plaintiffs argue in their brief that evidence about active warning devices is admissible with respect to claims set forth in the Complaint (doc. 1) at paragraphs 19(b), (d), and (n). In paragraphs 19(b) and (n) Plaintiffs claim that Defendant failed to properly and adequately place warning devices at the crossing and failed to work with state and local authorities to improve the subject crossing so that it would be reasonably safe for use by the monitoring public. In paragraph 19(d) Plaintiffs claim that Defendant failed to clear vegetation obstructing the sight around the crossing. Plaintiffs claim that active warning device evidence is linked to its vegetation claim arguing that – because there was sight obstructing

---

[1] The terms "ultra-hazardous," "extra-hazardous," "unusually dangerous," "unusually hazardous," and "particularly dangerous" are used interchangeably by the parties in this case and courts in other cases.

vegetation, Defendant had a duty to exercise care (i.e. install warning devices) commensurate with the danger (i.e. vegetation) at the crossing.

In large part, Plaintiffs' additional briefing invites the Court to overturn its determination that the crossing was not ultra-hazardous. The Court declines to do so.[2] However, the Court will clarify that its ruling should not be construed to say that a crossing cannot be deemed ultra-hazardous based solely on a sight obstruction. Rather, the Court held that the sight obstruction in this case did not make the crossing in this case ultra-hazardous based on the facts sited in the Court's initial Order.

The Court next turns to the question of whether a railroad can be negligent under Missouri law for failing to install active warning devices, including lights and gates, at a crossing that is not ultra-hazardous. In *Hess*, the court found that "the crossing was not one so unusually hazardous that defendant could be found negligent in not furnishing flasher lights, crossing gates, or a sounding bell." 479 S.W.2d at 430. In *Hendricks v. Mo.-Kan.-Tex. Railroad Company*, the court stated:

> ordinarily the presence of a train upon a public road crossing constitutes adequate notice to travelers that the crossing has been preempted, that a railroad is not guilty of negligence in blocking such crossing without providing additional warnings unless special circumstances make the crossing peculiarly hazardous, and that the burden of showing such special circumstances rests upon the party suing the railroad.

709 S.W.2d 483, 487 (Mo. Ct. App. 1986). *Hendricks* clarified that the above-standard is to be applied where both the train and car are "moving when impact occurred, and the front of the

---

[2] In *Hess v. Chicago, R. I. & P. R. Co.*, 479 S.W.2d 425, 429 (Mo. 1972) the Missouri Supreme Court explained:

> The question of what constitutes an unusually hazardous railroad crossing has given rise to much litigation and perhaps some confusion in Missouri. . . . The general rule concerning the submission of the requirement of additional warnings because of an unusually hazardous crossing . . . is that such an instruction may be given when there is substantial evidence that the crossing is: in a thickly populated area, usually a town or city; on a heavily traveled road or street; that the view is so obstructed by existing objects (natural or artificial) or by such construction of the crossing or track that one cannot have a reasonably clear view until substantially on the track.").

There, the Court noted that in determining whether a crossing is ultra-hazardous, a court must "consider this question within the rules of the decided cases fixing plaintiff's duty to look and listen up to a point where [he or she] could see." *Id*. at 430 (Plaintiff had a duty to exercise the highest degree of care "[a]nd one must, if his view is obstructed, continue to look until he can see."); *see also* Mo. Rev. Stat. §§ 304.012, 304.035.

locomotive [strikes] the side of the [car]." *Id.* at 487-88. Plaintiff has not provided authority that contradicts the standard supplied by the Missouri Supreme Court in *Hess* or Missouri Court of Appeals in *Hendricks*. Therefore, the Court finds that Defendant cannot be found negligent in not furnishing active warning devices, including lights and gates in this case because the crossing here was not ultra-hazardous.

Accordingly, for the reasons stated above, Plaintiffs' request to present evidence of warning devices including, but not limited to, flashing lights and gates in furtherance of Plaintiffs' common law claims against Defendant is DENIED.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 27, 2017