IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RHONDA HUGHS, RANDY GROVES, T.S.G., MINOR, BY NEXT FRIEND RHONDA HUGHS; | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 5:15-06079-CV-RK |
| v. | ) ) ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER ON REMAINING SUMMARY JUDGMENT HORN ARGUMENTS

Now pending before the Court are two remaining arguments raised in Defendant's Motion for Partial Summary Judgment – Preemption.[1] (Doc. 36.) After careful review, the Court further **GRANTS** in part and **DENIES** in part Defendant's Motion for Partial Summary Judgment – Preemption.

### I.  Procedural Background

Defendant moved for partial summary judgment arguing that a number of claims asserted by Plaintiffs are preempted by federal law or otherwise fail as a matter of law. (Doc. 36.) As relevant here, Defendant moved for summary judgment on Plaintiffs' claims that (1) Defendant's horn did not meet the decibel level requirement set forth in 49 C.F.R. § 229.129 at the time of the collision; and (2) that Defendant failed to maintain the horn in compliance with the Locomotive Inspection Act ("LIA"). (Doc. 37.) Plaintiffs opposed the motion. (Doc. 64.) On April 14, 2017, the Court ruled on the majority of Defendant's preemption arguments, but requested additional authority and deferred ruling on arguments related to the decibel level requirements of 49 C.F.R. § 229.129 and locomotive maintenance claims. (Doc. 108.)

In its Order, the Court asked the parties to supplement their initial briefing to address the following issues: (1) any distinction between these claims or whether both arguments are solely based on negligent maintenance; (2) whether these claims are preempted by the Federal Railroad Safety Act ("FRSA"), the LIA, or both; and (3) whether state law claims asserting a breach of a

---

[1] The Court previously ruled on the majority of Defendant's preemption arguments but deferred ruling on arguments addressed in this Order. (Doc. 108.)

federal standard of care are preempted by the LIA. (*Id.*) In response, the parties filed supplemental briefing on the issues (docs. 111 and 112) and orally argued their positions to the Court (doc. 114).

## II. Discussion

Basic principles applicable to the remaining claims were addressed in the Court's initial Order (doc. 108). Therefore, the Court begins by setting forth the relevant portions of that Order:

> The purpose of the FRSA is to promote "safety in every area of railroad operations and reduce railroad-related accidents and incidents." *See* 49 U.S.C. § 20101. The FRSA has an express preemption and savings provision which states in relevant part:
>
> > (a) National uniformity of regulation.
> >
> > > (1) Laws, regulations, and orders related to railroad safety and laws, regulations, and orders related to railroad security shall be nationally uniform to the extent practicable.
> > >
> > > (2) A State may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of Transportation (with respect to railroad safety matters), . . . prescribes a regulation or issues an order covering the subject matter of the State requirement. A State may adopt or continue in force an additional or more stringent law, regulation, or order related to railroad safety or security when the law, regulation, or order-
> > >
> > > > (A) is necessary to eliminate or reduce an essentially local safety or security hazard;
> > > >
> > > > (B) is not incompatible with a law, regulation, or order of the United States Government; and
> > > >
> > > > (C) does not unreasonably burden interstate commerce.
> >
> > (b) Clarification regarding State law causes of action.
> >
> > > (1) Nothing in this section shall be construed to preempt an action under State law seeking damages for personal injury, death, or property damage alleging that a party-
> > >
> > > > (A) has failed to comply with the Federal standard of care established by a regulation or order issued by the Secretary of Transportation (with respect to railroad safety matters), . . . covering the subject matter as provided in subsection (a) of this section;
> > > >
> > > > (B) has failed to comply with its own plan, rule, or standard that it created pursuant to a regulation or order issued by either of the Secretaries; or

2

> (C) has failed to comply with a State law, regulation, or order that is not incompatible with subsection (a)(2).

49 U.S.C. § 20106.

Pursuant to the LIA, a railroad carrier can use a locomotive only when the locomotive's "parts and appurtenances":

> (1) are in proper condition and safe to operate without unnecessary danger of personal injury;
>
> (2) have been inspected as required under this chapter [49 USCS §§ 20701 et seq.] and regulations prescribed by the Secretary of Transportation under this chapter [49 USCS §§ 20701 et seq.]; and
>
> (3) can withstand every test prescribed by the Secretary under this chapter [49 USCS §§ 20701 et seq.].

49 U.S.C. § 20701. "The LIA regulates the design and construction of locomotives, and the Supreme Court has held that it preempts conflicting state laws concerning locomotive equipment." *Bates v. Mo. & N. Ark. R.R. Co.*, 548 F.3d 634, 638 (8th Cir. 2008) (citing *Napier v. Atlantic Coast Line R.R. Co.*, 272 U.S. 605, 613 (1926)).

(Doc. 108 at 3-4)[2]

### A. Claim that Defendant Violated the Decibel Requirements of 49 C.F.R. § 229.129 at the Time of the Collision

Defendant acknowledges that the LIA does not preempt a state law claim predicated on a railroad's violation of the specific regulation governing horn audibility, 49 C.F.R. § 229.129. (Doc. 111 at 18.) With respect to the FRSA, Defendant acknowledges that a state law claim regarding horn audibility is not preempted where a railroad has failed to comply with the Federal standard of care set forth in 49 C.F.R. § 229.129. (*Id.* at 5.) Here, Defendant argues Plaintiffs' claim is preempted by FRSA because the train's horn complied with 49 C.F.R. § 229.129 at the time of the subject collision.

Under 49 C.F.R. § 229.129, "[e]ach lead locomotive shall be equipped with a locomotive horn that produces a minimum sound level of 96 dB(A) and a maximum sound level of 110 dB(A) at 100 feet forward of the locomotive in its direction of travel." This regulation specifically preempts "any State law . . . governing the sounding of the locomotive horn at a public highway-rail grade crossing" unless Plaintiffs claim "that a party has failed to comply with the Federal standard of care established by a regulation[.]" 49 U.S.C. § 20106. Here,

---
[2] The Court's prior analysis of these issues is adopted in full; the Court has merely provided an excerpt here. Specifically, the Court evaluates the remaining claims under the same summary judgment standard which will not be repeated here.

Plaintiffs' claim is preempted unless the horn did not comply with the requirements of section 229.129.

The Court finds that there are disputed issues of material fact as to whether the horn met the requirements of section 229.129 at the time of the subject collision. A reasonable juror could conclude that the sound of the horn *at the time of the accident* did not produce a minimum sound level of 96 dB(A) as required in section 229.129. Therefore, the Court denies Defendant's motion for summary judgment as to Plaintiffs' claim that Defendant's horn did not meet the decibel level requirement set forth in 49 C.F.R. § 229.129 at the time of the collision.

### B. Claim that Defendant Failed to Maintain the Horn in Compliance with the LIA.

Next, Plaintiffs claim that Defendant negligently maintained the horn such that the horn was inadequate under the LIA. Essentially, Plaintiffs claim that injury resulted from the defective condition of a locomotive part. This claim is preempted by the LIA.

"The LIA sets standards for locomotives and its 'parts and appurtenances,' generally requiring them to be 'in proper condition and safe to operate without unnecessary danger of personal injury.'" *BNSF Ry. Co. v. Seats, Inc.*, No. 4:16CV3121, 2017 U.S. Dist. LEXIS 8921, at *3 (D. Neb. Jan. 23, 2017); *see also Peters v. Union Pac. R.R. Co.*, 455 F. Supp. 2d 998, 1003 (W.D. Mo. 2006) (the LIA preempts a claim that there is a defect or inadequacy in a train's audible warning device); *Gillenwater v. Burlington N. & Santa Fe Ry.*, 481 F. Supp. 2d 998, 1003 (E.D. Mo. 2007) (same). The United States Supreme Court recently reaffirmed the broad preemptive scope of the LIA in *Kurns v. Railroad Friction Products Corp.*, 565 U.S. 625 (2012) with respect to state common-law duties and standards of care. There, the Court held that the LIA preempts the "entire field of regulating locomotive equipment." *Kurns v. R.R. Friction Prods. Corp.*, 565 U.S. 625, 637, 132 S. Ct. 1261, 1270 (2012). Even more recently, a district court in this circuit, examined whether state common-law claims based on federal standards of care are preempted by the LIA. *Seats, Inc.*, 2017 U.S. Dist. LEXIS 8921, at *4. There, the court analyzed a split of authority on the issue but "[i]n the absence of clear authority from the Eighth Circuit Court of Appeals or the Supreme Court . . ., and in light of the broad scope of LIA preemption set forth [by the Supreme Court]," the court declined "to draw a distinction between tort claims based on a state standard of care, as opposed to the LIA's federal standard of care, for purposes of LIA preemption." *Id.* at *11-12.

Here, the Court also declines to draw a distinction between tort claims based on state and federal standards of care for LIA preemption purposes. Therefore, the Court finds that Plaintiffs' claim that Defendant negligently maintained the horn such that the horn was inadequate under the LIA is preempted, and therefore, summary judgment for Defendant is appropriate on this claim.[3]

## III. Conclusion

For the reasons stated above, the Court concludes that Defendant's motion (doc. 36) is further GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

                                                    s/ Roseann A. Ketchmark
                                                    ROSEANN A. KETCHMARK, JUDGE
                                                    UNITED STATES DISTRICT COURT

DATED: April 28, 2017

---

[3] This finding does not affect the Court's holding as to Plaintiffs' claim that Defendant violated the decibel requirement of 49 C.F.R. § 229.129 at the time of the collision. That claim survives summary judgment as set forth in this Order. Therefore, the scope of Plaintiffs' horn claim is now limited to the claim that Defendant was negligent by breaching its duty with respect to the horn sounding between 96 dB(A) and 110 dB(A) in compliance with section 229.129 at the time of the accident. Plaintiff cannot argue that Defendant had any other or lesser duty under LIA, for example, a duty to sound the horn louder, a duty to test the horn every week, or a duty to equip its horn with bonnets. However, the Court realizes that certain evidence which may not be a breach in and of itself may be relevant as to the issue of whether the horn sounded between 96 dB(A) and 110 dB(A) in compliance with section 229.129 at the time of the accident.